IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 11, 2005 Session

## LASCHINSKI T. EMERSON v. OAK RIDGE RESEARCH, INC., a/k/a OAK RIDGE REALTY HOLDING, INC., AND NATHANIEL REVIS

### Direct Appeal from the Circuit Court for Anderson County
No. 98LA0497     Hon. James B. Scott, Jr., Judge

### No. E2004-01974-COA-R3-CV - FILED OCTOBER 5, 2005

D. MICHAEL SWINEY, J., concurring in part and dissenting in part.

I find it necessary to dissent, respectfully, as to two parts of the majority's Opinion. I concur with the majority's Opinion except as further expressed herein.

I respectfully dissent to that portion of the majority's Opinion affirming the attorney fee award. I fully concur with the majority's holding that the 2000 amendment to the Whistleblower Act, Tenn. Code Ann. § 50-1-304, created a new measure of damages for such claims in addition to those allowed prior to that amendment, and, therefore, the majority correctly holds "the Trial Court erred in applying this amendment retroactively to allow attorney's fees in this case."

Where I depart from the majority's Opinion on the attorney fee award is its analysis and ultimate decision to affirm the fee award "by the application of these THRA provisions...." I agree with the majority that an "employer" under the THRA is a "person" as defined by the THRA that employs eight or more persons within the state. Tenn. Code Ann. §§ 4-21-102(4) and (14). It was the corporate defendants' not employing eight or more persons that was the basis, as affirmed by the majority, for the Trial Court's grant of summary judgment as to Plaintiff's initial THRA harassment claim. The majority does not reverse this judgment by the Trial Court as to Plaintiff's underlying THRA claim that she was sexually harassed, but then does so as to Plaintiff's THRA retaliation claim to justify the award of attorney fees.

I also agree with the majority's statement that our Legislature has "decided that sexual harassment would not be actionable against the employer unless there were eight or more employees...." *See* Tenn. Code Ann. § 4-21-102(4), and § 4-21-401(a). I also take no issue with the majority's holding that "the legislature created an independent cause of action in favor of any

employee who is retaliated against for reporting any *acts or practices declared discriminatory,* and also protects the individual employee from [an individual] … who aids, abets, and otherwise commands an employer to engage in employment-related discrimination...." (emphasis added.)

Where I disagree with the majority is its further conclusion that somehow or another in a retaliation situation the "employer" initially claimed to have committed the "acts or practices declared discriminatory" does not have to have eight or more employees. Even if an individual can be held liable for retaliation under the THRA, that is not the end of the discussion. In that event, the individual can be held liable for retaliation, as applicable here, only when, as acknowledged by the majority, that individual retaliates "in any manner against a person because such person has opposed *a practice declared discriminatory by this chapter* or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter...." Tenn. Code Ann. § 4-21-301(1) (emphasis added). The problem here for Plaintiff is that while she may have been retaliated against for opposing her harassment, the retaliation was not for opposing "a practice declared discriminatory by this chapter or because...[she] has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter."

Plaintiff never contended that she made a charge, filed a complaint, or testified or participated in any investigation, proceeding, or hearing under this chapter. She simply complained to the harasser himself, and never made a charge, filed a complaint, or testified or participated in any investigation, proceeding or hearing under the THRA at least until after the alleged retaliation had occurred. Likewise, Plaintiff was not retaliated against because she "opposed a practice declared discriminatory by this chapter...." While Plaintiff certainly opposed being harassed or discriminated against, the harassment was not "a practice declared discriminatory by this chapter" because her employer did not employ eight or more employees. As acknowledged by the majority, "only an 'employer' can be liable for sexual harassment pursuant to the THRA...." It is also acknowledged by the majority that a "person" is not an "employer" under the THRA unless it employees eight or more persons within the state.

What retaliation Plaintiff was protected from by the THRA was retaliation for opposing "a practice declared discriminatory by this chapter or because...[Plaintiff] has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter...." Tenn. Code Ann. § 4-21-301(1). Here, as acknowledged by the majority, there was no "employer" under the THRA. Without any "employer" under the THRA, there could be no sexual harassment by an "employer" as defined by the THRA itself. The THRA, as enacted by our Legislature, does not prohibit or make discriminatory sexual harassment by a "person" which employees fewer than eight employees. This being so, Plaintiff cannot be said to have "opposed a practice declared discriminatory by this chapter" because there simply was no act or practice by a THRA defined "employer" which was declared discriminatory by the THRA. In short, Plaintiff opposed being harassed, but the harassment was not a practice declared discriminatory by the THRA because Plaintiff's employer was not an employer under the

THRA itself. I believe the language of the THRA is clear and that it requires a decision contrary to that reached by the majority as to the affirmance of the award of attorney fees based on the THRA.

I disagree with the majority's view that *Kilgore v. Garner*, 1996 WL 469693 (Tenn. Ct. App. August 20, 1996) is not applicable to this case. Even if individual liability can attach under the statute for retaliation and for aiding or abetting, there first must be a discriminatory practice by a statutorily defined "employer". Here, as in *Kilgore*, there is no statutorily defined "employer" involved, and, therefore, no practice declared discriminatory by the THRA. Without there first being a practice declared discriminatory, the exact situation here, an employee such as Plaintiff cannot be retaliated against for opposing a nonexisting "practice declared discriminatory by this chapter...." Tenn. Code Ann. § 4-21-301(1) and § 4-21-401(1). While Plaintiff may well have been discriminated against and harassed because of her sex, such harassment or discrimination is not prohibited under the THRA. Simply put, in a situation where the employee's employer employs less than eight employees, neither an individual who retaliates against the employee nor the employee's employer are liable under the THRA for this retaliation related to the employee opposing acts or practices which are not prohibited under the THRA itself. *See* Tenn. Code Ann. § 4-21-201(4); § 4-21-301; § 4-21-401(1). This was a policy decision made by our Legislature, and any change to that policy is one properly addressed by our Legislature.

For the reasons discussed above, I would reverse that portion of the Trial Court's judgment awarding attorney fees. The majority is correct that our Legislature has decided, although I would not say arbitrarily, that "sexual harassment would not be actionable against the employer unless there were eight or more employees...." The majority is correct that a reading of the THRA as I suggest means that persons in any organization employing less than eight employees are not prohibited by the THRA from engaging in practices which would be "practice[s] declared discriminatory by this chapter" if the organization had eight or more employees. Likewise those same persons also are not liable for retaliating against an employee who opposes these practices which have not been declared discriminatory by the THRA. This was a policy decision by our Legislature. I believe such a broad increase of the coverage of THRA as proposed by the majority is a policy decision best left to our Legislature, and respectfully suggest that perhaps it is one that would be appropriate for our Legislature to revisit at this time.

I also, respectfully, dissent as to the majority's holding that under the facts of this case, Plaintiff's acts in "reporting", or in fact complaining or objecting only to Revis himself, was sufficient under the Whistleblower Act. Again, I agree with much of what the majority says. For example, I take no issue with the majority's holding rejecting the argument that "an employee's actions in reporting illegal activities to a person within the employment setting, instead of an outside entity, are merely private or proprietary, and thus do not promote public safety and welfare." *Merryman v. Central Parking System, Inc.*, 1992 WL 330404 (Tenn Ct. App. Nov. 13, 1992).

However, I believe the majority reads *Merryman* too narrowly as I believe it clearly stands for the proposition that an employee to qualify as a "whistleblower" must do something more than merely complain to the alleged harasser. *Id.* at *2. The majority attempts to circumvent this

requirement by noting that Revis was both the "offending supervisor and company management" when Plaintiff made her complaints to Revis. To hold as the majority does means that any time an employee is harassed or otherwise discriminated against by a supervisor who also is management, the employee solely by complaining to the harasser himself about his actions triggers "whistleblower" protection. I instead would hold that Plaintiff's actions in reporting and complaining solely to Revis was private in nature as I believe under the Whistleblower Statute even when the harasser is in a management position, the employee must do more than merely and solely complain to the harasser himself to trigger the Whistleblower Statute. I do not believe the Whistleblower Statute is written so broadly that an employee by complaining solely to the employee's harasser/supervisor about his actions would qualify as an act seeking to promote public safety, welfare, or the public good. For these reasons, I respectfully dissent from the majority's decision to affirm the Trial Court's denial of Defendant's Motion for Directed Verdict as to the Whistleblower Statute.

As other than discussed above, I concur fully in the remainder of the majority's Opinion.

_____
D. MICHAEL SWINEY, JUDGE